Rose RISTAU, Appellant,

v.

TOURS, INC. and Robert L.
Burnett, Appellees.

No. 97–663.

Supreme Court of Iowa.

Dec. 23, 1998.

As Amended on Denial of Rehearing
Feb. 10, 1999.

Joseph J. Bitter, Dubuque, for appellant.

· Steven L. Addington, Des Moines, for appellees.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and TERNUS, JJ.

HARRIS, Justice.

The trial court determined an employee was not covered by the Federal Fair Labor Standards Act or Iowa's minimum wage law. We agree and affirm a judgment allowing only a minor credit that was conceded by the employer.

Defendant, Tours, Inc., hired plaintiff, Rose Ristau, to provide management and maintenance services for a fifty-eight-unit apartment building Tours owns in Des Moines. The terms of the written agreement called for a forty-four-hour work week, and also placed Ristau on call twenty-four hours per day, seven days per week. Ristau was to receive a free apartment in the Tours building, monthly salary of $500, and a $500 monthly allowance for travel and education. After one year Ristau was to receive a two-week paid vacation. Tours never solicited businesses from out of state. All units in the building were occupied by local residents, and all advertising for the apartment building was in a local Des Moines newspaper.

After resigning her job, Ristau brought this action against Tours[1] alleging violations of the fair labor standards act, 29 U.S.C. §§ 206, 207, and Iowa's minimum wage law, Iowa Code ch. 91D (1997). The case was tried to the court, which, except for an undisputed $100 item, rejected Ristau's suit. The matter is before us on Ristau's appeal. Our review is on error. Iowa R.App. P. 4; *Jones v. Lake Park Care Ctr., Inc.,* 569 N.W.2d 369, 372 (Iowa 1997).

---

1. Ristau also sued Robert L. Burnett, a Des Moines resident who is president of Tours. At the close of plaintiff's evidence, the trial court correctly dismissed the claim against Burnett in his individual capacity. The record is conclusive that he acted at all times in the matter only as an officer of Tours and is therefore not personally liable. *Bossuyt v. Osage Farmers Nat'l Bank,* 360 N.W.2d 769, 778 (Iowa 1985).

■ I. Congress acted deliberately in excluding local commerce from coverage under the federal fair labor standards act [hereinafter FLSA]. *Joles v. Johnson County Youth Serv. Bur., Inc.,* 885 F.Supp. 1169, 1176–77 (S.D.Ind.1995). "Congress's primary purpose in refusing to extend FLSA's coverage to its constitutional maximum was to leave regulation of 'local' business to the states." *Johnston v. Spacefone Corp.,* 706 F.2d 1178, 1182 (11th Cir.1983) (citing Conference Rep. No. 1453, 81st Cong. 1st Sess. (1949)).

■ To qualify for protection under FLSA, the employee must fall within one of three categories:

a. employees engaged in commerce,

b. employees engaged in the production of goods for commerce,

c. employees engaged in an enterprise which is involved in commerce or in the production of goods for commerce.

29 U.S.C. § 206(a)(1).

For purposes of the first of these three categories, FLSA defines "engaged in commerce" as an enterprise that

(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person; and

(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

29 U.S.C. § 203(s)(1)(A). Ristau did not qualify for the first category on either of the two required bases.

■ Ristau argues she dealt with the rental interest of Tours and that rental interest qualifies as goods. But FLSA does not cover employees who "merely affect" commerce. *Johnston,* 706 F.2d at 1182. The employer has to "reasonably expect" its product to "move or cause movement in interstate commerce." *Id.* Tours had no such expectation because it advertised only in the local newspaper and did not solicit business from out of state.

The foregoing would be enough to disqualify Ristau as an "employee engaged in commerce," but she also fails the second requirement. Because Tours' gross annual volume of business ($145,815 for 1992—the time period involved) was less than $500,000, Ristau does not qualify for the first category on either ground.

■ II. Neither does Ristau qualify for the second category as an employee "engaged in the production of goods for commerce." She argues she handled and purchased goods for the apartments such as cleaners, fixtures, paint, and furnishings that moved from state to state. But this does not meet the qualification. Employees often handle articles which have moved in interstate commerce, but that does not necessarily mean the items are "goods" as defined by 29 U.S.C. § 203(i). *Brennan v. State,* 494 F.2d 100, 104 (8th Cir.1974). If the articles are:

wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof, that have not reached their delivery into the actual physical possession of the ultimate consumer thereof, then they are goods within the definition of the Act and the mere handling of those goods by some institution employee prior to their delivery to the ultimate consumer renders the institution an enterprise engaged in commerce.

*Id.*

■ A producer's consumption or use of goods does not amount to "production of goods." *Joles,* 885 F.Supp. at 1176. "The focus of the Act is prospective, to the further movement of the goods, not retrospective, to the producers' receipt of the goods." *Id.* Mere use, physical touching or consumption of goods that have traveled in interstate commerce is not enough. *Id.* What is required is that the employees perform work on the goods with the objective of preparing them for introduction into the interstate stream of commerce. *Id.*

■ III. Finally, Ristau does not qualify under FLSA's third category: one "employed in an enterprise engaged in commerce or for the production of goods for commerce." She repeats her previous argument

for this claim, adding that a custodian employed by Tours also handled the articles previously mentioned. It is true that custodians and maintenance workers have successfully claimed protection under the FLSA's third category (employees engaged in an enterprise which is involved in commerce or in the production of goods for commerce). *Public Bldg. Auth. of Birmingham v. Goldberg,* 298 F.2d 367, 369 (5th Cir.1962). They have done so where their employer is otherwise shown to be engaged in the production of goods for commerce and where the activities of the custodians and maintenance workers were essential to the employer's interstate commercial activity. This finding was based upon the determination that the federal offices in the building were engaged in the production of goods for commerce. *Id.* But, the custodians and maintenance workers themselves were not considered to be engaged in commerce. *Id.* The court emphasized the services were performed for government-occupied buildings and not for buildings that were "locally owned, held out for general tenancy," or "tenanted by a miscellany of tenants." *Id.*

■ IV. The trial court also correctly rejected Ristau's claim under Iowa Code section 91D.1. Ristau concedes in her appellate brief that her "claim under the Iowa minimum [wage] law is the same as under [FLSA]," and she bases her state claim to her entitlement under the federal act. Because we have already found Ristau was not covered under the federal act, this claim also fails.

We have considered and rejected other assignments. The challenged judgment was correct.

**AFFIRMED.**